We'll hear the next case, United States of America v. Cheese. Good morning, your honors. If it may please the court, my name is Jonathan Algor, and I'm an assistant United States attorney in the Eastern District of New York. I represent the United States in this appeal and do so as well below in the district court. This court should reverse the district court's order below. As I'm sure your honors are aware, there are at least five panels that have heard this argument and this appeal regarding whether attempted Hobbs Act robbery is a crime of violence under the force clause of section 924C. Should we be waiting for them before we approach this case? Your honor, I've heard other oral arguments where your honors have made reference to internal process within the Second Circuit where they're waiting on the initial panel for that, and I believe in subsequent briefing after us, they're being held in abeyance and waiting for those decisions. So the government would rely primarily on its submission. I would like to address, though... No, no, I'm not suggesting you shouldn't argue it. I just want to know your position is that since these have been four panels, so having heard your argument, we shouldn't take a deep breath and see what happens. Your honor, I don't actually know necessarily the process within the court on how that... Well, our practice would be to wait if there are cases ahead of us. I mean, the question, though, is there anything different about this case that would suggest that we shouldn't wait or that we don't need to wait? So that's really the question. Yeah. Understood, your honor. I don't think that there's any difference because when going through the categorical approach as well as within whether it's a crime of violence, this issue has been already briefed in the same manner. The cases are well established in the same points. What I was going to address briefly, though, is that there is the Fourth Circuit case in Taylor that runs counter to the other circuits that have found that attempted Hobbs Act robbery is a crime of violence. And I would just like to there, Judge Cabranes in looking at, and obviously it was under ACCA and it was New York state law, but there he had the court reason that an attempt to threaten to use force, for example, attempting to use a threatening note itself constitutes a threatened use of physical force. That's actually the holding in Taylor runs completely counter to that. And so I think you look across the circuits attempt decisions regarding crimes of violence, although they haven't addressed it within the attempt in federal law, when you look at the cases in attempted state law, in each, I believe in all of them, they find that when the substance of crime is a crime of violence, the attempt to commit that crime, is also a crime of violence. And I'd like to briefly point you to that. Excuse me, just to put this very, very simply, your position is that the Fourth Circuit is wrong, not that the Fourth Circuit case is distinguishable. Yes, Your Honor, the Fourth case is wrong and it runs counter to the Fifth, Seventh, Ninth, and Eleventh Circuit cases, which find attempted federal crimes, because in one case it was attempted murder, but in the other three attempted hobjack robbery is a crime of violence. And so just briefly, and getting back to the Estevez cases, the defendant makes much of the distinction between New York attempt law and federal attempt law. And I would say that when you apply the categorical approach to the attempt cases that are cited in Estevez and compare those to the cases which the defendant raises in his brief, there's nearly not much of a difference. When you look at the Estevez case, that was an attempted robbery where the defendant called the co-conspirator, found out that a drug dealer was in the co-conspirator's area. He rushes over with a firearm to rob the drug dealer, and then is stopped actually by the co-conspirator in advance. They get into a fight where the cops arrest him. There is no actual violent act that happens there, but he was still found under state law to be attempted robbery. And in addition, when you look also another case, Nardzveni, which is cited in Second Circuit's Estevez case as well, an attempted murder, there is an individual, or excuse me, a defendant who is wronged by a woman supposedly, buys a shotgun, drives down the street of her street, parks, gets out, and a 911 call from a neighbor sees her, sees him, and he's arrested in the vicinity of her driveway. Again, no violent act, and the shotgun's on a snowbank. And you juxtapose that with the cases that the defendant cites, and that all defendants cite in these types of cases, where you look at the minimum conduct, you look at Stallworth, which is Second Circuit's 1976 case. There you have defendants caught on the phone, a recording of them planning an armed bank robbery. They arm themselves by masks and gloves, and are thwarted by the police right before, in the vicinity of the bank right before that. And so when you juxtapose those, you clearly see that, again, those are cases that have been found crimes of violence in this circuit, but yet don't have the actual violent act. And so we would rely primarily on our brief and the 5th, 7th, 9th, and 11th Circuit's decisions, and I'm happy to answer any further questions of your honors. Thank you. We'll hear from the other side. Thank you, your honor, and good morning, and may it please the court. My name is Nick Wharton. I'm counsel for the defendant and appellee, Constantine Cheese, in the underlying case, and I'm also arguing on behalf of all of the appellees in this appeal. I'd like, I want to start first by addressing the question of whether this panel should address this appeal. And I think the answer is yes. This case is different, and it perhaps not because the arguments or the question to be decided is different, but because this is the only one that presents this sole issue on appeal. The other cases are more complex, and in many of them, the cases may very well be decided on other grounds without even addressing this question. The problem is we don't know that, and if we go ahead and rule on this issue, then we would be, you know, putting our, jumping the queue, so to speak. No, understood. There is one more consideration, too, and I understand it's an equitable one more than certainly a legal one, but this is also the only case on interlocutory appeal. So we now, we have a case where there are 11 defendants who, you know, many of them, including my client, who's been in pretrial detention, you know, for three years, their cases effectively stayed until the circuit addresses this issue. So obviously the court, you know, will decide, your honors, will confer with your colleagues, but because this case is presented so neatly and so simply, I would submit it is, you know, the perfect case for the circuit to resolve this issue. Now, getting to the merits, I submitted the question before the court. I'm just trying to understand the sort of the impact of this. If you were to prevail, what does that mean on this discrete issue? What does that mean for your client? It means that the principal charge, attempted Hobbs Act robbery, will no longer, cannot, as Judge Garifas ruled, be a predicate for the 924C enhancement. The government has subsequently superseded and added another count under the Hobbs Act, which we are briefing in the court below, we also think is not an adequate or lawful basis for 924C. But essentially what's at stake here is the seven year mandatory minimum sentence. Otherwise he's facing what? He's facing the guideline sentence for attempted Hobbs Act robbery without the mandatory consecutive seven years. Put very simply, if you were to prevail on this appeal, would somebody therefore be able to walk out of prison at that point? No, no, but their cases would be... I'm asking that because the notion, that would make, be a very different circumstance if we were holding somebody, and we see this with some frequency, where they say, hey, you know, if we're right, our client gets out of a COVID-laced prison and please don't let them sit there while you're waiting for something else to happen. I take it this is not that kind of a case. That's correct. That is not the case here. So turning to the merits, I would submit this is a remarkably straightforward question that the court is being asked to address. And the government has tried mightily to avoid what we think is an inescapable conclusion. And that is simply this, that attempted Hobbs Act robbery does not have, to use the statute's language, as an element, the use, attempted use, or threatened use of force. And it therefore cannot be a 924C predicate. And the easiest way to prove that is to simply look at the definition of an element, which in Black's Law Dictionary is the constituent part of a crime, which must be proved by the prosecution to sustain a conviction. And we don't think there can be a serious argument that the government... Well, you don't think there can be a serious argument, but four circuits have gone that way? None of the circuits that have gone the other way have actually applied the categorical approach the way Davis says you must. The categorical approach... Essentially what those cases have said is that if you intend to commit a crime that has, as an element, the use of force, and you take a substantial step to complete that crime, then you therefore have attempted to use force, even if that substantial step involves no force at all. But with all respect to those cases, intent and attempt are not synonyms. And that argument just cannot be squared with the categorical approach, which tells the court to look at the minimum conduct necessary to sustain a conviction. And I think what can't be argued is that the government, to prove attempted does not include an attempt to use force. The model penal code says this clearly, and the cases which we've cited, I won't repeat, are legion on this point. There are scores of cases where defendants have been convicted of attempted Hobbs Act robbery, having never lifted a finger or committed any act of force, but they've cased the location, they've procured the robbery tools, etc. The cases have been cited by us and others. I think the clearest proof of this is if you imagine a case where a defendant is prosecuted for attempted Hobbs Act robbery, let's assume he was going to rob a jewelry store and made all the preparations and purchased the gun and the tools, but as he pulls into the parking lot of the jewelry store, the police arrest him and prevent him from completing the crime. Imagine if the defense counsel were to argue to the court that the jury instructions must include a requirement, an element, that the government prove that that defendant used force. We know what the government would say there. The government would object strenuously and they'd be right because that's not the law. But what's happening here is the have it both ways. Having benefited for decades from the jurisprudence on attempt law and the substantial step standard, the government now can't argue that attempted crimes of violence, in fact, have as an element the use or attempted use of violence or force. I would submit that fundamentally what's happened to ignore the plain meaning of 924C3A and read it instead to say something that it doesn't say. The government wants the court to read 924C to say that it applies to crimes of violence and attempted crimes of violence. But that's not what the text of the statute says. It would have been very easy to draft a statute that way. What 924C says is that it only crimes of violence which are defined based on their elements. And again, attempted Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of force. The government has argued now, following Davis and Barrett, that attempt and conspiracy are very different. They're, you know, two separate theories of charging. But that wasn't the position before. And in fact, there is no meaningful distinction between a conspiracy to commit overt act from an intent to commit Hobbs Act robbery plus a substantial step. Those are both inchoate crimes and both can be completed without any force at all, attempted or otherwise. So the logic of Davis, which of course applies to conspiracy, and Barrett must apply with equal force to attempt because they are essentially equivalent. Now the government has raised the Davis, the Taylor case from the Fourth Circuit. I would submit that Taylor very clearly applies the categorical approach and rules in our favor. It then goes on to address, you know, an argument from the government about whether the statute would prohibit all attempt crimes from being Hobbs Act predicates. And it posits an explanation, which we submit is dictum. If the court accepts it, I think it would still sustain the opinion below. Even if the court rejects it, I think a faithful application of the categorical approach leads to an affirmance. I see my time is running out. There's just no basis to ignore the plain meaning of 924C or the clear directive of the Davis case on how the categorical approach must be applied. Every court that has done that faithfully has found that attempted Hobbs Act robbery cannot be a 924C predicate. This court should do the same and affirm the court below. Thank you. We'll hear the rebuttal from the government. Your Honor, the government has obviously addressed all of those issues in our briefing and if Your Honors have any questions regarding those issues, we've well addressed those both in our opening brief as well as in our reply. I think just quickly the Incoate offenses, I mean that argument, as we've argued in our briefs, would really run contra to all of the attempted cases in this circuit. You know, we can just look at Thrower, for instance, that that somehow now Judge Cabranes' decision did not apply the categorical approach if you were to take the defendant on that argument. Do you know if this argument based on Davis and Barrett was made to the panel? You may not. I'm not, I wouldn't be surprised if not, but was made to the panel in McCoy, in the preceding panels, the panels that are in front of us in this queue? The Taylor argument, Your Honor, or the Incoate? The Incoate argument. I'm not sure, Your Honor. I'm not positive. Well, we can find out. The majority of the arguments are, but I'm not sure about that specific point. All right. Well, thank you both. We'll reserve decision.